The exceptions filed by the trust company to the claims of holders of Seven Per Cent. Debentures should be overruled. The grounds of the exceptions are that the exceptant is unable to satisfy itself that any consideration was received for the debentures by the issuing company, or to secure any evidence upon the question, and that therefore the entire issue of debentures should be disallowed except as against innocent holders for value. No evidence has been adduced by the exceptant to show the invalidity of the debentures and no attempt at argument has been made in support of the exceptions. Clearly the exceptions should be overruled.
I now turn to the Six Per Cent. Equipment Purchase Notes. It appears that the dissolved defendant acquired by purchase all the assets of a predecessor company bearing the same name. That company had a capital outstanding of three thousand shares of seven per cent. preferred stock (par one hundred dollars) and eighteen thousand shares of common stock of non-par value. It sold all its assets to the dissolved corporation. The purchaser valued the assets at $9,360,000 net above the seller's debts and liabilities. It agreed to pay for them that sum, payable in thirty-six thousand shares of its own preferred stock (par one hundred dollars), thirty-six thousand shares of its own non-par common stock, and $3,600,000 of its own six per cent. purchase notes. It is notes of this issue that the exceptants hold and to the allowance of which as claims in the hands of certain others, they object to.
The selling company after paying off its preferred stock with some of the notes, distributed the proceeds from the sale in part as follows: To each of its eighteen thousand *Page 293 
non-par common shares, two shares of defendant's preferred stock, two shares of the defendant's non-par common and one hundred dollars par value of the defendant's six per cent. purchase notes.
The exceptants contend that the assets purchased by the dissolved defendant were over-valued to the entent of $2,160,000, and that such over-valuation was received by the common stockholders of the seller to the extent of $1,800,000, that being the total amount of the six per cent. notes which they received. The common stockholders of the selling company became stockholders in the same relative proportions in the purchasing company. Therefore, say the exceptants, the transaction was but a scheme whereby stockholders in one corporation managed, through the instrumentality of a paper sale, to keep the same equitable ownership of assets which they had formerly possessed but thereafter loaded with a new charge in favor of themselves to the prejudice of creditors and innocent purchasers for value. No value in the form of assets having been given for the notes, say the exceptants, the original recipients of them ought not to be accorded the status of creditors.
The trouble with this contention is that it is based on an assumption of fact which no evidence in the case supports. The crucial test of the contention's force is whether the assets were over-valued. That is a question of fact. Not a word of proof has been offered upon it. I am asked to assume that there was in fact an over-valuation. There is no justification for such an assumption. The transaction on its face does not support it; for it is entirely conceivable that the assets may have been well worth what the purchaser paid. If they were, I am unable to see why the selling company, and indirectly its stockholders should not be permitted to take stock plus notes for them. Certainly it could have received stock plus cash, the cash being obtained by the purchaser from sale of the notes. Then why could it not receive stock plus the notes instead of their equivalent in cash?
There being a complete absence of evidence tending to show an over-valuation, the basis for the exceptants' argument is wanting.
This is not a case where stockholders of a selling corporation have done something to prefer themselves to existing creditors, or even to put themselves on a parity of rights with existing creditors. Such are the cases cited by the exceptants. It is to be noted that the exceptants here are not creditors of the dissolved defendant's vendor. The exceptions will be overruled. Order accordingly. *Page 350